**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Limitnone, LLC,<br><br>      Plaintiff,<br>  v.<br><br>Google Inc.,<br><br>      Defendant. | NO. C 09-00412 JW<br><br>**ORDER DENYING *EX PARTE* APPLICATION TO STAY BRIEFING AND HEARING ON DEFENDANT'S MOTION TO DISMISS** |

Presently before the Court is Plaintiff's *Ex Parte* Application to Stay Briefing and Hearing on Defendant's Motion to Dismiss. (hereafter, "Application," Docket Item No. 72.) Plaintiff seeks to stay further briefing and continue the hearing on Defendant's Motion to Dismiss until Plaintiff's Motion for Remand has been resolved.[1] (Application at 2-3.)

Plaintiff originally filed this action in the Circuit Court of Cook County in Illinois. (Notice of Removal, Docket Item No. 1.) Defendant removed this action to this Court on the grounds that the case involves a federal question. (Id.) On February 19, 2009, Defendant filed a Motion to Dismiss. (See Docket Item No. 62.) On February 24, 2009, Plaintiff filed a Motion to Remand this action back to the Circuit Court of Cook County. (See Docket Item No. 71.) Both motions are set for hearing on April 6, 2009. (See Docket Item Nos. 68, 71.)

---

[1] Defendant filed a timely opposition to Plaintiff's Application. (See Docket Item No. 73.)

Plaintiff contends that the Court should stay briefing and continue the hearing on Defendant's Motion to Dismiss because, if the Court grants Plaintiff's Motion to Remand, the Court will lack jurisdiction to address Defendant's Motion to Dismiss. (Application at 2.)

A court has discretion as to whether certain pending matters should be stayed. <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Id.</u>

Although, the Court reserves the right to make an election as to which motion is more dipositive to address first once the briefings are completed, the Court finds that both motions can be heard at the same time without prejudice to any party. Accordingly, the Court DENIES Plaintiff's *Ex Parte* Application to Stay Briefing and Hearing on Defendant's Motion to Dismiss.

Dated: March 13, 2009

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Caroline Claire Plater cplaterkelleydrye.com
David A. Rammelt drammeltkelleydrye.com
Henry M. Baskerville hbaskerstetlerandduffy.com
Jonathan M. Cyrluk cyrlukstetlerandduffy.com
Laurie DeYoung ldeyoungdavisdeyoung.com
Matthew Charles Luzadder mluzadderkelleydrye.com
Rachel M. Kassabian rachelherrickquinnemanuel.com
Stephen Arthur Wood swoodkelleydrye.com

**Dated: March 13, 2009**                                   **Richard W. Wieking, Clerk**

                                                            **By:    /s/ JW Chambers**
                                                                    **Elizabeth Garcia**
                                                                    **Courtroom Deputy**

**United States District Court**
For the Northern District of California